UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CATHERINE M. CURLEY, Individually and as | : | |
| Personal Representative of the | : | |
| Estate of Leo Mr. Curley, Jr. | : | |
| | : | |
| v. | : | C.A. No.:  1:16-cv-00676-M-PAS |
| | : | |
| RICHARD T. ZUERNER, M.D., | : | |
| UROLOGY ASSOCIATES, INC., | : | |
| AARON W. WAY, D.O., | : | |
| OSTEOPATHIC FAMILY MEDICINE, LLC, | : | |
| JOHN/JANE DOE, M.D., Alias, and | : | |
| JOHN DOE CORPORATION, Alias | : | |

## SECOND AMENDED COMPLAINT

### PARTIES AND JURISDICTION

1.       Catherine M. Curley is a citizen of Port Charlotte, Florida.

2.       Catherine M. Curley is the surviving wife of Leo M. Curley, Jr., who died on November 18, 2017.  She was appointed Personal Representative of the Estate of Leo M. Curley, Jr. in the Circuit Court for Charlotte County, Florida on February 27, 2018.

3.       Defendant Richard T. Zuerner, M.D. upon information and belief is a citizen and resident of the State of Rhode Island.  At all times mentioned herein, said defendant was engaged in the practice of medicine in the State of Rhode Island and held himself out to be a specialist in the field of urology.

4.       Defendant Urology Associates, Inc. is a business organization existing under the laws of the State of Rhode Island with a principal place of business therein.  At all relevant times, defendant Urology Associates, Inc. was engaged in the provision of medical care services.  At all relevant times, defendant Richard T. Zuerner, M.D. was an employee, agent, and/or servant of Urology Associates, Inc.

5.       Defendant Aaron W. Way, D.O. upon information and belief is a citizen and resident of the State of Rhode Island.  At all times mentioned herein, said defendant was engaged in the practice of medicine in the State of Rhode Island and held himself out to be an osteopathic physician.

6.       Defendant Osteopathic Family Medicine, LLC is a business organization existing under the laws of the State of Rhode Island with a principal place of business therein.  At all relevant times, defendant Osteopathic Family Medicine, LLC was engaged in the provision of medical care services.  At all relevant times, defendant Aaron W. Way, M.D. was an employee, agent, and/or servant of Osteopathic Family Medicine, LLC.

7.      Defendants John/Jane Doe, M.D., Alias, upon information and belief were citizens and residents of the State of Rhode Island.  The true names of defendants are unknown to plaintiffs who consequently sue such defendants by said fictitious names. Plaintiffs will seek leave to amend their complaint to state the true names of defendant John/Jane Doe, M.D., Alias, when such have been ascertained.

8.      Defendant John Doe Corporation, Alias upon information and belief is a business organization existing under the laws of the State of Rhode Island with a principal place of business therein.  The true name of the defendant corporation is unknown to plaintiffs who consequently sue such defendant by said fictitious name.  Plaintiffs will seek leave to amend their complaint to state defendant John Doe Corporation, Alias's true name when such has been ascertained.

9.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, in that there is diversity of citizenship among the parties, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

### COUNT I
### NEGLIGENCE
### RICHARD T. ZUERNER, M.D.

1.      Plaintiffs hereby incorporate Paragraphs 1 through 9 as if fully set forth herein.

2.      On or about June 12, 2007 and thereafter, defendant Richard T. Zuerner, M.D. undertook for a valuable consideration to diagnose, treat, and care for Mr. Curley.

3.      It then and there became and was the duty of defendant Richard T. Zuerner, M.D. to exercise that degree of diligence and skill required of the average physician engaged in the practice of urology.

4.      Nevertheless, defendant Richard T. Zuerner, M.D. disregarded his duty as aforesaid and failed to exercise said degree of diligence and skill in that he failed to properly diagnose and failed to render adequate, proper, and necessary treatment to Mr. Curley and was otherwise negligent in his diagnosis, treatment, and care of him.

5.      On or about September 4, 2014, Mr. Curley was first diagnosed with amyloidosis by his nephrologist Joseph Romanello, M.D.

6.      Mr. Curley passed away on November 18, 2017 as a result of acute diastolic congestive heart failure and end stage renal disease secondary to amyloidosis.

7.      Mr. Curley's injury was such that in the exercise of reasonable diligence it was not discoverable to him until a date within three years of the commencement of this action. R.I.G.L § 9-1-14.1(2).

8.      As a direct and proximate result of defendant Richard T. Zuerner, M.D.'s negligence as aforesaid, Mr. Curley suffered severe personal injuries and ultimately died.

9.      By reason of the foregoing, plaintiff Catherine M. Curley has been and will continue to be deprived of the services, affection, society, and consortium of her late husband Leo M. Curley, Jr., which damages are remunerable under R.I. Gen. Laws §10-7-1.2(a), and was otherwise damaged.

10.      By reason of the foregoing, Leo M. Curley, Jr.'s estate has incurred expenses for medical and nursing treatment and care, medicines, counseling, and the like, which damages are remunerable under R.I. Gen. Laws §10-7-5.

11.      By reason of the foregoing, the statutory beneficiaries of Leo M. Curley, Jr.'s estate have suffered damages as set forth in R.I. Gen. Laws §10-7-1 et seq., including pecuniary damages as provided under R.I. Gen Laws §10-7-1.1, and were otherwise damaged.

12.      As a direct and proximate result of defendant Richard T. Zuerner, M.D.'s negligence as aforesaid, Leo M. Curley, Jr. suffered severe injuries to his mind, body, nerves and nervous system, and endured extreme mental pain and suffering, all of which damages are remunerable on behalf of the estate of Leo M. Curley, Jr., as set forth under R.I. Gen Laws §10-7-7.

13.      By reason of the foregoing, Leo M. Curley, Jr.'s estate incurred funeral and administration expenses, which damages are remunerable on behalf of the estate under R.I. Gen. Laws §10-7-5.

WHEREFORE, plaintiff Catherine M. Curley, Individually and as Personal Representative of the Estate of Leo M. Curley, Jr. demands judgment against defendant Richard T. Zuerner, M.D. in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

### COUNT II
### LACK OF INFORMED CONSENT
### RICHARD T. ZUERNER, M.D.

1.      Plaintiffs hereby incorporate Count I as if fully set forth herein.

2.      It then and there became the duty of defendant Richard T. Zuerner, M.D., no emergency existing, to inform Mr. Curley of the risks of harm attendant to the treatment and care he proposed to administer to and perform upon him so that he could give his informed consent to such treatment.  It also then and there became the duty of defendant Richard T. Zuerner, M.D. to obtain Mr. Curley's informed consent before proceeding with said treatment and care.

3.      Nevertheless, defendant Richard T. Zuerner, M.D. disregarded his duty as aforesaid and failed to inform Mr. Curley of the risks of harm attendant to the treatment and care in question and proceeded to perform said treatment and care without having obtained Mr. Curley's informed consent.

4.      If defendant Richard T. Zuerner, M.D. had informed Mr. Curley of the risks of harm attendant to the treatment and care in question, including, but not limited to, the risk that he might suffer those injuries from which he suffered as a direct performance of said treatment and care, Mr. Curley would have refused to consent to the performance of the treatment and care therein involved.

5.      On or about September 4, 2014, Mr. Curley was first diagnosed with amyloidosis by his nephrologist Joseph Romanello, M.D.

6.      Mr. Curley passed away on November 18, 2017 as a result of acute diastolic congestive heart failure and end stage renal disease secondary to amyloidosis.

7.      Mr. Curley's injury was such that in the exercise of reasonable diligence it was not discoverable to him until a date within three years of the commencement of this action. R.I.G.L § 9-1-14.1(2).

8.       As a direct and proximate result of defendant Richard T. Zuerner, M.D.'s negligence as aforesaid, Mr. Curley suffered severe personal injuries and ultimately died.

9.      By reason of the foregoing, plaintiff Catherine M. Curley has been and will continue to be deprived of the services, affection, society, and consortium of her late husband Leo M. Curley, Jr., which damages are remunerable under R.I. Gen. Laws §10-7-1.2(a), and was otherwise damaged.

10.     By reason of the foregoing, Leo M. Curley, Jr.'s estate has incurred expenses for medical and nursing treatment and care, medicines, counseling, and the like, which damages are remunerable under R.I. Gen. Laws §10-7-5.

11.     By reason of the foregoing, the statutory beneficiaries of Leo M. Curley, Jr.'s estate have suffered damages as set forth in R.I. Gen. Laws §10-7-1 et seq., including pecuniary damages as provided under R.I. Gen Laws §10-7-1.1, and were otherwise damaged.

12.     As a direct and proximate result of defendant Richard T. Zuerner, M.D.'s negligence as aforesaid, Leo M. Curley, Jr. suffered severe injuries to his mind, body, nerves and nervous system, and endured extreme mental pain and suffering, all of which damages are remunerable on behalf of the estate of Leo M. Curley, Jr., as set forth under R.I. Gen Laws §10-7-7.

13.     By reason of the foregoing, Leo M. Curley, Jr.'s estate incurred funeral and administration expenses, which damages are remunerable on behalf of the estate under R.I. Gen. Laws §10-7-5.

WHEREFORE, plaintiff Catherine M. Curley, Individually and as Personal Representative of the Estate of Leo M. Curley, Jr. demands judgment against defendant Richard T. Zuerner, M.D. in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

## COUNT III
## NEGLIGENCE
## UROLOGY ASSOCIATES, INC.

1.       On or about June 12, 2007 and thereafter defendant Urology Associates, Inc. undertook for a valuable consideration to diagnose, treat, and care for Mr. Curley.

2.       It then and there became and was the duty of said defendant Urology Associates, Inc. through its agents, servants, employees and partners, to exercise ordinary care in the diagnosis, treatment, and care of Mr. Curley.

3.       Nevertheless, defendant Urology Associates, Inc. disregarded its duty as aforesaid and, through its agents, servants, employees, and partners, failed to exercise said ordinary care in that the employees, agents, servants, and/or partners of defendant Urology Associates, Inc. failed to properly diagnose and failed to render adequate, proper and necessary treatment to Mr. Curley and were otherwise negligent in their diagnosis, treatment, and care of him.

4.       As a direct and proximate result of defendant Urology Associates, Inc.'s negligence as aforesaid, Mr. Curley suffered severe personal injuries and ultimately died.

5.       On or about September 4, 2014, Mr. Curley was first diagnosed with amyloidosis by his nephrologist Joseph Romanello, M.D.

6.       Mr. Curley passed away on November 18, 2017 as a result of acute diastolic congestive heart failure and end stage renal disease secondary to amyloidosis.

6.7.       Mr. Curley's injury was such that in the exercise of reasonable diligence it was not discoverable to him until a date within three years of the commencement of this action. R.I.G.L § 9-1-14.1(2).

8.       By reason of the foregoing, plaintiff Catherine M. Curley has been and will continue to be deprived of the services, affection, society, and consortium of her late husband Leo M. Curley, Jr., which damages are remunerable under R.I. Gen. Laws §10-7-1.2(a), and was otherwise damaged.

9.       By reason of the foregoing, Leo M. Curley, Jr.'s estate has incurred expenses for medical and nursing treatment and care, medicines, counseling, and the like, which damages are remunerable under R.I. Gen. Laws §10-7-5.

10.     By reason of the foregoing, the statutory beneficiaries of Leo M. Curley, Jr.'s estate have suffered damages as set forth in R.I. Gen. Laws §10-7-1 et seq., including pecuniary damages as provided under R.I. Gen Laws §10-7-1.1, and were otherwise damaged.

11.     As a direct and proximate result of defendant Urology Associates, Inc.'s negligence as aforesaid, Leo M. Curley, Jr. suffered severe injuries to his mind, body, nerves and nervous system, and endured extreme mental pain and suffering, all of which damages are remunerable on behalf of the estate of Leo M. Curley, Jr., as set forth under R.I. Gen Laws §10-7-7.

12.     By reason of the foregoing, Leo M. Curley, Jr.'s estate incurred funeral and administration expenses, which damages are remunerable on behalf of the estate under R.I. Gen. Laws §10-7-5.

WHEREFORE, plaintiff Catherine M. Curley, Individually and as Personal Representative of the Estate of Leo M. Curley, Jr. demands judgment against defendant Urology Associates, Inc. in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

## COUNT IV
## CORPORATE LIABILITY
## UROLOGY ASSOCIATES, INC.

1.     Plaintiffs hereby incorporate Count III as if fully set forth herein.

2.     It then and there became and was the duty of defendant Urology Associates, Inc. to provide quality medical care to Mr. Curley to exercise the care in granting credentials and privileges to those providing care and treatment at Urology Associates, Inc., to protect his safety, to protect him from incompetent and/or negligent treatment, and to otherwise exercise reasonable care for his protection and well-being.

3.     Nevertheless, defendant Urology Associates, Inc. negligently disregarded its duty as aforesaid in that it failed to promulgate and enforce policies and procedures to insure the delivery of ordinary medical group care and otherwise failed to discharge its responsibilities as a medical group to Mr. Curley.

4.      As a direct and proximate result of defendant Urology Associates, Inc.'s negligence as aforesaid, Mr. Curley suffered severe personal injuries and ultimately died.

5.     On or about September 4, 2014, Mr. Curley was first diagnosed with amyloidosis by his nephrologist Joseph Romanello, M.D.

6.     Mr. Curley passed away on November 18, 2017 as a result of acute diastolic congestive heart failure and end stage renal disease secondary to amyloidosis.

7.     Mr. Curley's injury was such that in the exercise of reasonable diligence it was not discoverable to him until a date within three years of the commencement of this action. R.I.G.L § 9-1-14.1(2).

8.     By reason of the foregoing, plaintiff Catherine M. Curley has been and will continue to be deprived of the services, affection, society, and consortium of her late husband Leo M. Curley, Jr., which damages are remunerable under R.I. Gen. Laws §10-7-1.2(a), and was otherwise damaged.

9.     By reason of the foregoing, Leo M. Curley, Jr.'s estate has incurred expenses for medical and nursing treatment and care, medicines, counseling, and the like, which damages are remunerable under R.I. Gen. Laws §10-7-5.

10.     By reason of the foregoing, the statutory beneficiaries of Leo M. Curley, Jr.'s estate have suffered damages as set forth in R.I. Gen. Laws §10-7-1 et seq., including pecuniary damages as provided under R.I. Gen Laws §10-7-1.1, and were otherwise damaged.

11.     As a direct and proximate result of defendant Urology Associates, Inc.'s negligence as aforesaid, Leo M. Curley, Jr. suffered severe injuries to his mind, body, nerves and nervous system, and endured extreme mental pain and suffering, all of which damages are remunerable on behalf of the estate of Leo M. Curley, Jr., as set forth under R.I. Gen Laws §10-7-7.

12.     By reason of the foregoing, Leo M. Curley, Jr.'s estate incurred funeral and administration expenses, which damages are remunerable on behalf of the estate under R.I. Gen. Laws §10-7-5.

WHEREFORE, plaintiff Catherine M. Curley, Individually and as Personal Representative of the Estate of Leo M. Curley, Jr. demands judgment against defendant Urology Associates, Inc. in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

## COUNT V
## VICARIOUS LIABILITY
## UROLOGY ASSOCIATES, INC.

1.     Counts III and IV are hereby incorporated by reference as if fully set forth at length herein.

2.     At all material times, defendant Richard T. Zuerner, M.D. was an employee, agent, apparent agent, and/or servant of defendant Urology Associates, Inc. and was acting within the scope of his employment or agency.

3.     At all relevant times, defendant Urology Associates, Inc. was vicariously responsible for the acts and conduct of its employees, agents, apparent agents, and servants, including, but not limited to, the negligent acts or conduct of defendant Richard T. Zuerner, M.D., as set forth.

4.      As a direct and proximate result of defendant Urology Associates, Inc.'s negligence as aforesaid, Mr. Curley suffered severe personal injuries and ultimately died.

5.      On or about September 4, 2014, Mr. Curley was first diagnosed with amyloidosis by his nephrologist Joseph Romanello, M.D.

6.      Mr. Curley passed away on November 18, 2017 as a result of acute diastolic congestive heart failure and end stage renal disease secondary to amyloidosis.

7.      Mr. Curley's injury was such that in the exercise of reasonable diligence it was not discoverable to him until a date within three years of the commencement of this action. R.I.G.L § 9-1-14.1(2).

8.      By reason of the foregoing, plaintiff Catherine M. Curley has been and will continue to be deprived of the services, affection, society, and consortium of her late husband Leo M. Curley, Jr., which damages are remunerable under R.I. Gen. Laws §10-7-1.2(a), and was otherwise damaged.

9.      By reason of the foregoing, Leo M. Curley, Jr.'s estate has incurred expenses for medical and nursing treatment and care, medicines, counseling, and the like, which damages are remunerable under R.I. Gen. Laws §10-7-5.

10.      By reason of the foregoing, the statutory beneficiaries of Leo M. Curley, Jr.'s estate have suffered damages as set forth in R.I. Gen. Laws §10-7-1 et seq., including pecuniary damages as provided under R.I. Gen Laws §10-7-1.1, and were otherwise damaged.

11.      As a direct and proximate result of defendant Urology Associates, Inc.'s negligence as aforesaid, Leo M. Curley, Jr. suffered severe injuries to his mind, body, nerves and nervous system, and endured extreme mental pain and suffering, all of which damages are remunerable on behalf of the estate of Leo M. Curley, Jr., as set forth under R.I. Gen Laws §10-7-7.

12.      By reason of the foregoing, Leo M. Curley, Jr.'s estate incurred funeral and administration expenses, which damages are remunerable on behalf of the estate under R.I. Gen. Laws §10-7-5.

WHEREFORE, plaintiff Catherine M. Curley, Individually and as Personal Representative of the Estate of Leo M. Curley, Jr. demands judgment against defendant Urology Associates, Inc. in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

## COUNT VI
## NEGLIGENCE
## AARON W. WAY, D.O.

1.      Plaintiffs hereby incorporate Paragraphs 1 through 9 as if fully set forth herein.

2.      On or about July 31, 2008 and thereafter, defendant Aaron W. Way, D.O. undertook for a valuable consideration to diagnose, treat, and care for Mr. Curley.

3.      It then and there became and was the duty of defendant Aaron W. Way, D.O. to exercise that degree of diligence and skill required of the average physician engaged in the practice of urology.

4.      Nevertheless, defendant Aaron W. Way, D.O. disregarded his duty as aforesaid and failed to exercise said degree of diligence and skill in that he failed to properly diagnose and failed to render adequate, proper, and necessary treatment to Mr. Curley and was otherwise negligent in his diagnosis, treatment, and care of him.

5.      On or about September 4, 2014, Mr. Curley was first diagnosed with amyloidosis by his nephrologist Joseph Romanello, M.D.

6.      Mr. Curley passed away on November 18, 2017 as a result of acute diastolic congestive heart failure and end stage renal disease secondary to amyloidosis.

7.      Mr. Curley's injury was such that in the exercise of reasonable diligence it was not discoverable to him until a date within three years of the commencement of this action. R.I.G.L § 9-1-14.1(2).

8.       As a direct and proximate result of defendant Aaron W. Way, D.O.'s negligence as aforesaid, Mr. Curley suffered severe personal injuries and ultimately died.

9.      By reason of the foregoing, plaintiff Catherine M. Curley has been and will continue to be deprived of the services, affection, society, and consortium of her late husband Leo M. Curley, Jr., which damages are remunerable under R.I. Gen. Laws §10-7-1.2(a), and was otherwise damaged.

10.     By reason of the foregoing, Leo M. Curley, Jr.'s estate has incurred expenses for medical and nursing treatment and care, medicines, counseling, and the like, which damages are remunerable under R.I. Gen. Laws §10-7-5.

11.     By reason of the foregoing, the statutory beneficiaries of Leo M. Curley, Jr.'s estate have suffered damages as set forth in R.I. Gen. Laws §10-7-1 et seq., including pecuniary damages as provided under R.I. Gen Laws §10-7-1.1, and were otherwise damaged.

12.     As a direct and proximate result of defendant Aaron W. Way, D.O.'s negligence as aforesaid, Leo M. Curley, Jr. suffered severe injuries to his mind, body, nerves and nervous system, and endured extreme mental pain and suffering, all of which damages are remunerable on behalf of the estate of Leo M. Curley, Jr., as set forth under R.I. Gen Laws §10-7-7.

13.     By reason of the foregoing, Leo M. Curley, Jr.'s estate incurred funeral and administration expenses, which damages are remunerable on behalf of the estate under R.I. Gen. Laws §10-7-5.

WHEREFORE, plaintiff Catherine M. Curley, Individually and as Personal Representative of the Estate of Leo M. Curley, Jr. demands judgment against defendant Aaron W. Way, D.O. in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

### COUNT VII
### LACK OF INFORMED CONSENT
### AARON W. WAY, D.O.

1.     Plaintiffs hereby incorporate Count VI as if fully set forth herein.

2.     It then and there became the duty of defendant Aaron W. Way, D.O., no emergency existing, to inform Mr. Curley of the risks of harm attendant to the treatment and care he proposed to administer to and perform upon him so that he could give his informed consent to such treatment.  It also then and there became the duty of defendant Aaron W. Way, D.O. to obtain Mr. Curley's informed consent before proceeding with said treatment and care.

3.     Nevertheless, defendant Aaron W. Way, D.O. disregarded his duty as aforesaid and failed to inform Mr. Curley of the risks of harm attendant to the treatment and care in question and proceeded to perform said treatment and care without having obtained Mr. Curley's informed consent.

4.     If defendant Aaron W. Way, D.O. had informed Mr. Curley of the risks of harm attendant to the treatment and care in question, including, but not limited to, the risk that he might suffer those injuries from which he suffered as a direct performance of said treatment and care, Mr. Curley would have refused to consent to the performance of the treatment and care therein involved.

5.     On or about September 4, 2014, Mr. Curley was first diagnosed with amyloidosis by his nephrologist Joseph Romanello, M.D.

6.     Mr. Curley passed away on November 18, 2017 as a result of acute diastolic congestive heart failure and end stage renal disease secondary to amyloidosis.

7.     Mr. Curley's injury was such that in the exercise of reasonable diligence it was not discoverable to him until a date within three years of the commencement of this action. R.I.G.L § 9-1-14.1(2).

8.      As a direct and proximate result of defendant Aaron W. Way, D.O.'s negligence as aforesaid, Mr. Curley suffered severe personal injuries and ultimately died.

9.      By reason of the foregoing, plaintiff Catherine M. Curley has been and will continue to be deprived of the services, affection, society, and consortium of her late husband Leo M. Curley, Jr., which damages are remunerable under R.I. Gen. Laws §10-7-1.2(a), and was otherwise damaged.

10.      By reason of the foregoing, Leo M. Curley, Jr.'s estate has incurred expenses for medical and nursing treatment and care, medicines, counseling, and the like, which damages are remunerable under R.I. Gen. Laws §10-7-5.

11.      By reason of the foregoing, the statutory beneficiaries of Leo M. Curley, Jr.'s estate have suffered damages as set forth in R.I. Gen. Laws §10-7-1 et seq., including pecuniary damages as provided under R.I. Gen Laws §10-7-1.1, and were otherwise damaged.

12.      As a direct and proximate result of defendant Aaron W. Way, D.O.'s negligence as aforesaid, Leo M. Curley, Jr. suffered severe injuries to his mind, body, nerves and nervous system, and endured extreme mental pain and suffering, all of which damages are remunerable on behalf of the estate of Leo M. Curley, Jr., as set forth under R.I. Gen Laws §10-7-7.

13.      By reason of the foregoing, Leo M. Curley, Jr.'s estate incurred funeral and administration expenses, which damages are remunerable on behalf of the estate under R.I. Gen. Laws §10-7-5.

WHEREFORE, plaintiff Catherine M. Curley, Individually and as Personal Representative of the Estate of Leo M. Curley, Jr. demands judgment against defendant Aaron W. Way, D.O. in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

## COUNT VIII
## NEGLIGENCE
## OSTEOPATHIC FAMILY MEDICINE, LLC

1.      On or about July 31, 2008 and thereafter defendant Osteopathic Family Medicine, LLC undertook for a valuable consideration to diagnose treat and care for Mr. Curley.

2.      It then and there became and was the duty of said defendant Osteopathic Family Medicine, LLC, through its agents, servants, employees and partners, to exercise ordinary care in the diagnosis, treatment and care of Mr. Curley.

3.      Nevertheless, defendant Osteopathic Family Medicine, LLC disregarded its duty as aforesaid and, through its agents, servants, employees, and partners, failed to exercise said ordinary care in that the employees, agents, servants, and/or partners of defendant

Osteopathic Family Medicine, LLC failed to properly diagnose and failed to render adequate, proper and necessary treatment to Mr. Curley and were otherwise negligent in their diagnosis, treatment, and care of him.

4.      As a direct and proximate result of defendant Osteopathic Family Medicine, LLC's negligence as aforesaid, Mr. Curley suffered severe personal injuries and ultimately died.

5.      On or about September 4, 2014, Mr. Curley was first diagnosed with amyloidosis by his nephrologist Joseph Romanello, M.D.

6.      Mr. Curley passed away on November 18, 2017 as a result of acute diastolic congestive heart failure and end stage renal disease secondary to amyloidosis.

7.      Mr. Curley's injury was such that in the exercise of reasonable diligence it was not discoverable to him until a date within three years of the commencement of this action. R.I.G.L § 9-1-14.1(2).

8.      By reason of the foregoing, plaintiff Catherine M. Curley has been and will continue to be deprived of the services, affection, society, and consortium of her late husband Leo M. Curley, Jr., which damages are remunerable under R.I. Gen. Laws §10-7-1.2(a), and was otherwise damaged.

9.      By reason of the foregoing, Leo M. Curley, Jr.'s estate has incurred expenses for medical and nursing treatment and care, medicines, counseling, and the like, which damages are remunerable under R.I. Gen. Laws §10-7-5.

10.      By reason of the foregoing, the statutory beneficiaries of Leo M. Curley, Jr.'s estate have suffered damages as set forth in R.I. Gen. Laws §10-7-1 et seq., including pecuniary damages as provided under R.I. Gen Laws §10-7-1.1, and were otherwise damaged.

11.      As a direct and proximate result of defendant Osteopathic Family Medicine, LLC's negligence as aforesaid, Leo M. Curley, Jr. suffered severe injuries to his mind, body, nerves and nervous system, and endured extreme mental pain and suffering, all of which damages are remunerable on behalf of the estate of Leo M. Curley, Jr., as set forth under R.I. Gen Laws §10-7-7.

12.      By reason of the foregoing, Leo M. Curley, Jr.'s estate incurred funeral and administration expenses, which damages are remunerable on behalf of the estate under R.I. Gen. Laws §10-7-5.

WHEREFORE, plaintiff Catherine M. Curley, Individually and as Personal Representative of the Estate of Leo M. Curley, Jr. demands judgment against defendant Osteopathic Family Medicine, LLC in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

## COUNT IX
## CORPORATE LIABILITY
## OSTEOPATHIC FAMILY MEDICINE, LLC

1.      Plaintiffs hereby incorporate Count VIII as if fully set forth herein.

2.      It then and there became and was the duty of defendant Osteopathic Family Medicine, LLC to provide quality medical care to Mr. Curley to exercise the care in granting credentials and privileges to those providing care and treatment at Osteopathic Family Medicine, LLC, to protect his safety, to protect him from incompetent and/or negligent treatment, and to otherwise exercise reasonable care for his protection and well-being.

3.      Nevertheless, defendant Osteopathic Family Medicine, LLC negligently disregarded its duty as aforesaid in that it failed to promulgate and enforce policies and procedures to insure the delivery of ordinary medical group care and otherwise failed to discharge its responsibilities as a medical group to Mr. Curley.

4.      As a direct and proximate result of defendant Osteopathic Family Medicine, LLC's negligence as aforesaid, Mr. Curley suffered severe personal injuries and ultimately died.

5.      On or about September 4, 2014, Mr. Curley was first diagnosed with amyloidosis by his nephrologist Joseph Romanello, M.D.

6.      Mr. Curley passed away on November 18, 2017 as a result of acute diastolic congestive heart failure and end stage renal disease secondary to amyloidosis.

7.      Mr. Curley's injury was such that in the exercise of reasonable diligence it was not discoverable to him until a date within three years of the commencement of this action. R.I.G.L § 9-1-14.1(2).

8.      By reason of the foregoing, plaintiff Catherine M. Curley has been and will continue to be deprived of the services, affection, society, and consortium of her late husband Leo M. Curley, Jr., which damages are remunerable under R.I. Gen. Laws §10-7-1.2(a), and was otherwise damaged.

9.      By reason of the foregoing, Leo M. Curley, Jr.'s estate has incurred expenses for medical and nursing treatment and care, medicines, counseling, and the like, which damages are remunerable under R.I. Gen. Laws §10-7-5.

10.     By reason of the foregoing, the statutory beneficiaries of Leo M. Curley, Jr.'s estate have suffered damages as set forth in R.I. Gen. Laws §10-7-1 et seq., including pecuniary damages as provided under R.I. Gen Laws §10-7-1.1, and were otherwise damaged.

11.     As a direct and proximate result of defendant Osteopathic Family Medicine, LLC's negligence as aforesaid, Leo M. Curley, Jr. suffered severe injuries to his mind, body, nerves and nervous system, and endured extreme mental pain and suffering, all of which damages are remunerable on behalf of the estate of Leo M. Curley, Jr., as set forth under R.I. Gen Laws §10-7-7.

12.     By reason of the foregoing, Leo M. Curley, Jr.'s estate incurred funeral and administration expenses, which damages are remunerable on behalf of the estate under R.I. Gen. Laws §10-7-5.

WHEREFORE, plaintiff Catherine M. Curley, Individually and as Personal Representative of the Estate of Leo M. Curley, Jr. demands judgment against defendant Osteopathic Family Medicine, LLC in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

### COUNT X
### VICARIOUS LIABILITY
### OSTEOPATHIC FAMILY MEDICINE, LLC

1.     Counts VIII through IX are hereby incorporated by reference as if fully set forth at length herein.

2.     At all material times, defendant Aaron W. Way, D.O. was an employee, agent, apparent agent, and/or servant of defendant Osteopathic Family Medicine, LLC and was acting within the scope of his employment or agency.

3.     At all relevant times, defendant Osteopathic Family Medicine, LLC was vicariously responsible for the acts and conduct of its employees, agents, apparent agents, and servants, including, but not limited to, the negligent acts or conduct of defendant Aaron W. Way, D.O., as set forth.

4.      As a direct and proximate result of defendant Osteopathic Family Medicine, LLC's negligence as aforesaid, Mr. Curley suffered severe personal injuries and ultimately died.

5.     On or about September 4, 2014, Mr. Curley was first diagnosed with amyloidosis by his nephrologist Joseph Romanello, M.D.

6.     Mr. Curley passed away on November 18, 2017 as a result of acute diastolic congestive heart failure and end stage renal disease secondary to amyloidosis.

7.     Mr. Curley's injury was such that in the exercise of reasonable diligence it was not discoverable to him until a date within three years of the commencement of this action. R.I.G.L § 9-1-14.1(2).

8.      By reason of the foregoing, plaintiff Catherine M. Curley has been and will continue to be deprived of the services, affection, society, and consortium of her late husband Leo M. Curley, Jr., which damages are remunerable under R.I. Gen. Laws §10-7-1.2(a), and was otherwise damaged.

9.      By reason of the foregoing, Leo M. Curley, Jr.'s estate has incurred expenses for medical and nursing treatment and care, medicines, counseling, and the like, which damages are remunerable under R.I. Gen. Laws §10-7-5.

10.      By reason of the foregoing, the statutory beneficiaries of Leo M. Curley, Jr.'s estate have suffered damages as set forth in R.I. Gen. Laws §10-7-1 et seq., including pecuniary damages as provided under R.I. Gen Laws §10-7-1.1, and were otherwise damaged.

11.      As a direct and proximate result of defendant Osteopathic Family Medicine, LLC's negligence as aforesaid, Leo M. Curley, Jr. suffered severe injuries to his mind, body, nerves and nervous system, and endured extreme mental pain and suffering, all of which damages are remunerable on behalf of the estate of Leo M. Curley, Jr., as set forth under R.I. Gen Laws §10-7-7.

12.      By reason of the foregoing, Leo M. Curley, Jr.'s estate incurred funeral and administration expenses, which damages are remunerable on behalf of the estate under R.I. Gen. Laws §10-7-5.

WHEREFORE, plaintiff Catherine M. Curley, Individually and as Personal Representative of the Estate of Leo M. Curley, Jr. demands judgment against defendant Osteopathic Family Medicine, LLC in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

### COUNT XI
### NEGLIGENCE
### JOHN/JANE DOE, M.D., ALIAS

1.      Plaintiffs hereby incorporate Paragraphs 1 through 9 as if fully set forth herein.

2.      During the relevant timeframe, defendant John/Jane Doe, M.D., Alias undertook for a valuable consideration to diagnose, treat, and care for Mr. Curley.

3.      It then and there became and was the duty of defendant John/Jane Doe, M.D., Alias to exercise that degree of diligence and skill required of the average physician engaged in the practice of urology.

4.      Nevertheless, defendant John/Jane Doe, M.D., Alias disregarded his duty as aforesaid and failed to exercise said degree of diligence and skill in that he failed to properly diagnose and failed to render adequate, proper, and necessary treatment to Mr. Curley and was otherwise negligent in his diagnosis, treatment, and care of him.

5.      On or about September 4, 2014, Mr. Curley was first diagnosed with amyloidosis by his nephrologist Joseph Romanello, M.D.

6.      Mr. Curley passed away on November 18, 2017 as a result of acute diastolic congestive heart failure and end stage renal disease secondary to amyloidosis.

7.      Mr. Curley's injury was such that in the exercise of reasonable diligence it was not discoverable to him until a date within three years of the commencement of this action. R.I.G.L § 9-1-14.1(2).

8.      As a direct and proximate result of defendant Osteopathic Family Medicine, LLC's negligence as aforesaid, Mr. Curley suffered severe personal injuries and ultimately died.

9.      By reason of the foregoing, plaintiff Catherine M. Curley has been and will continue to be deprived of the services, affection, society, and consortium of her late husband Leo M. Curley, Jr., which damages are remunerable under R.I. Gen. Laws §10-7-1.2(a), and was otherwise damaged.

10.      By reason of the foregoing, Leo M. Curley, Jr.'s estate has incurred expenses for medical and nursing treatment and care, medicines, counseling, and the like, which damages are remunerable under R.I. Gen. Laws §10-7-5.

11.      By reason of the foregoing, the statutory beneficiaries of Leo M. Curley, Jr.'s estate have suffered damages as set forth in R.I. Gen. Laws §10-7-1 et seq., including pecuniary damages as provided under R.I. Gen Laws §10-7-1.1, and were otherwise damaged.

12.      As a direct and proximate result of defendant John/Jane Doe, M.D., Alias's negligence as aforesaid, Leo M. Curley, Jr. suffered severe injuries to his mind, body, nerves and nervous system, and endured extreme mental pain and suffering, all of which damages are remunerable on behalf of the estate of Leo M. Curley, Jr., as set forth under R.I. Gen Laws §10-7-7.

13.      By reason of the foregoing, Leo M. Curley, Jr.'s estate incurred funeral and administration expenses, which damages are remunerable on behalf of the estate under R.I. Gen. Laws §10-7-5.

WHEREFORE, plaintiff Catherine M. Curley, Individually and as Personal Representative of the Estate of Leo M. Curley, Jr. demands judgment against defendant John/Jane Doe, M.D., Alias in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

### COUNT XII
### LACK OF INFORMED CONSENT
### JOHN/JANE DOE, M.D., ALIAS

1.      Plaintiffs hereby incorporate Count XI as if fully set forth herein.

2.      It then and there became the duty of defendant John/Jane Doe, M.D., Alias, no emergency existing, to inform Mr. Curley of the risks of harm attendant to the treatment and care he proposed to administer to and perform upon him so that he could give his informed consent to such treatment.  It also then and there became the duty of defendant John/Jane Doe, M.D., Alias to obtain Mr. Curley's informed consent before proceeding with said treatment and care.

3.      Nevertheless, defendant John/Jane Doe, M.D., Alias disregarded his duty as aforesaid and failed to inform Mr. Curley of the risks of harm attendant to the treatment and care in question and proceeded to perform said treatment and care without having obtained Mr. Curley's informed consent.

4.      If defendant John/Jane Doe, M.D., Alias had informed Mr. Curley of the risks of harm attendant to the treatment and care in question, including, but not limited to, the risk that he might suffer those injuries from which he suffered as a direct performance of said treatment and care, Mr. Curley would have refused to consent to the performance of the treatment and care therein involved.

5.      On or about September 4, 2014, Mr. Curley was first diagnosed with amyloidosis by his nephrologist Joseph Romanello, M.D.

6.      Mr. Curley passed away on November 18, 2017 as a result of acute diastolic congestive heart failure and end stage renal disease secondary to amyloidosis.

7.      Mr. Curley's injury was such that in the exercise of reasonable diligence it was not discoverable to him until a date within three years of the commencement of this action. R.I.G.L § 9-1-14.1(2).

8.      As a direct and proximate result of defendant Osteopathic Family Medicine, LLC's negligence as aforesaid, Mr. Curley suffered severe personal injuries and ultimately died.

9.      By reason of the foregoing, plaintiff Catherine M. Curley has been and will continue to be deprived of the services, affection, society, and consortium of her late husband Leo M. Curley, Jr., which damages are remunerable under R.I. Gen. Laws §10-7-1.2(a), and was otherwise damaged.

10.     By reason of the foregoing, Leo M. Curley, Jr.'s estate has incurred expenses for medical and nursing treatment and care, medicines, counseling, and the like, which damages are remunerable under R.I. Gen. Laws §10-7-5.

11.     By reason of the foregoing, the statutory beneficiaries of Leo M. Curley, Jr.'s estate have suffered damages as set forth in R.I. Gen. Laws §10-7-1 et seq., including pecuniary damages as provided under R.I. Gen Laws §10-7-1.1, and were otherwise damaged.

12.     As a direct and proximate result of defendant John/Jane Doe, M.D., Alias's negligence as aforesaid, Leo M. Curley, Jr. suffered severe injuries to his mind, body, nerves and nervous system, and endured extreme mental pain and suffering, all of which damages are remunerable on behalf of the estate of Leo M. Curley, Jr., as set forth under R.I. Gen Laws §10-7-7.

13.     By reason of the foregoing, Leo M. Curley, Jr.'s estate incurred funeral and administration expenses, which damages are remunerable on behalf of the estate under R.I. Gen. Laws §10-7-5.

WHEREFORE, plaintiff Catherine M. Curley, Individually and as Personal Representative of the Estate of Leo M. Curley, Jr. demands judgment against defendant John/Jane Doe, M.D., Alias in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

**COUNT XIII**
**NEGLIGENCE**
**JOHN DOE CORPORATION, ALIAS**

1.     During the relevant timeframe, defendant John Doe Corporation, Alias, undertook for valuable consideration to diagnose treat and care for Mr. Curley.

2.     It then and there became and was the duty of said defendant John Doe Corporation, Alias, through its agents, servants, employees and partners, to exercise ordinary care in the diagnosis, treatment and care of Mr. Curley.

3.     Nevertheless, defendant John Doe Corporation, Alias disregarded its duty as aforesaid and, through its agents, servants, employees, and partners, failed to exercise said ordinary care in that the employees, agents, servants, and/or partners of defendant John Doe Corporation, Alias failed to properly diagnose and failed to render adequate, proper and necessary treatment to Mr. Curley and were otherwise negligent in its diagnosis, treatment, and care of him.

4.     On or about September 4, 2014, Mr. Curley was first diagnosed with amyloidosis by his nephrologist Joseph Romanello, M.D.

5.     Mr. Curley passed away on November 18, 2017 as a result of acute diastolic congestive heart failure and end stage renal disease secondary to amyloidosis.

6.     Mr. Curley's injury was such that in the exercise of reasonable diligence it was not discoverable to him until a date within three years of the commencement of this action. R.I.G.L § 9-1-14.1(2).

7.     As a direct and proximate result of defendant Osteopathic Family Medicine, LLC's negligence as aforesaid, Mr. Curley suffered severe personal injuries and ultimately died.

8.      By reason of the foregoing, plaintiff Catherine M. Curley has been and will continue to be deprived of the services, affection, society, and consortium of her late husband Leo M. Curley, Jr., which damages are remunerable under R.I. Gen. Laws §10-7-1.2(a), and was otherwise damaged.

9.      By reason of the foregoing, Leo M. Curley, Jr.'s estate has incurred expenses for medical and nursing treatment and care, medicines, counseling, and the like, which damages are remunerable under R.I. Gen. Laws §10-7-5.

10.     By reason of the foregoing, the statutory beneficiaries of Leo M. Curley, Jr.'s estate have suffered damages as set forth in R.I. Gen. Laws §10-7-1 et seq., including pecuniary damages as provided under R.I. Gen Laws §10-7-1.1, and were otherwise damaged.

11.     As a direct and proximate result of defendant John Doe Corporation, Alias's negligence as aforesaid, Leo M. Curley, Jr. suffered severe injuries to his mind, body, nerves and nervous system, and endured extreme mental pain and suffering, all of which damages are remunerable on behalf of the estate of Leo M. Curley, Jr., as set forth under R.I. Gen Laws §10-7-7.

12.     By reason of the foregoing, Leo M. Curley, Jr.'s estate incurred funeral and administration expenses, which damages are remunerable on behalf of the estate under R.I. Gen. Laws §10-7-5.

WHEREFORE, plaintiff Catherine M. Curley, Individually and as Personal Representative of the Estate of Leo M. Curley, Jr. demands judgment against defendant John Doe Corporation, Alias in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

## COUNT XIV
## CORPORATE LIABILITY
## JOHN DOE CORPORATION, ALIAS

1.      Plaintiffs hereby incorporate Counts XIII as if fully set forth herein.

2.      It then and there became and was the duty of defendant John Doe Corporation, Alias to provide quality medical care to Mr. Curley to exercise the care in granting credentials and privileges to those providing care and treatment at John Doe Corporation, Alias, to protect his safety, to protect him from incompetent and/or negligent treatment, and to otherwise exercise reasonable care for his protection and well-being.

3.      Nevertheless, defendant John Doe Corporation, Alias negligently disregarded its duty as aforesaid in that it failed to promulgate and enforce policies and procedures to insure the delivery of ordinary medical group care and otherwise failed to discharge its responsibilities as a medical group to Mr. Curley.

4.      On or about September 4, 2014, Mr. Curley was first diagnosed with amyloidosis by his nephrologist Joseph Romanello, M.D.

5.      Mr. Curley passed away on November 18, 2017 as a result of acute diastolic congestive heart failure and end stage renal disease secondary to amyloidosis.

6.      Mr. Curley's injury was such that in the exercise of reasonable diligence it was not discoverable to him until a date within three years of the commencement of this action. R.I.G.L § 9-1-14.1(2).

7.      As a direct and proximate result of defendant Osteopathic Family Medicine, LLC's negligence as aforesaid, Mr. Curley suffered severe personal injuries and ultimately died.

8.      By reason of the foregoing, plaintiff Catherine M. Curley has been and will continue to be deprived of the services, affection, society, and consortium of her late husband Leo M. Curley, Jr., which damages are remunerable under R.I. Gen. Laws §10-7-1.2(a), and was otherwise damaged.

9.      By reason of the foregoing, Leo M. Curley, Jr.'s estate has incurred expenses for medical and nursing treatment and care, medicines, counseling, and the like, which damages are remunerable under R.I. Gen. Laws §10-7-5.

10.     By reason of the foregoing, the statutory beneficiaries of Leo M. Curley, Jr.'s estate have suffered damages as set forth in R.I. Gen. Laws §10-7-1 et seq., including pecuniary damages as provided under R.I. Gen Laws §10-7-1.1, and were otherwise damaged.

11.     As a direct and proximate result of defendant John Doe Corporation, Alias's negligence as aforesaid, Leo M. Curley, Jr. suffered severe injuries to his mind, body, nerves and nervous system, and endured extreme mental pain and suffering, all of which damages are remunerable on behalf of the estate of Leo M. Curley, Jr., as set forth under R.I. Gen Laws §10-7-7.

12.     By reason of the foregoing, Leo M. Curley, Jr.'s estate incurred funeral and administration expenses, which damages are remunerable on behalf of the estate under R.I. Gen. Laws §10-7-5.

WHEREFORE, plaintiff Catherine M. Curley, Individually and as Personal Representative of the Estate of Leo M. Curley, Jr. demands judgment against defendant John Doe Corporation, Alias in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

## COUNT XV
## VICARIOUS LIABILITY
## JOHN DOE CORPORATION, ALIAS

1.      Counts XIII and XIV are hereby incorporated by reference as if fully set forth at length herein.

2.      At all material times, defendant John/Jane Doe, M.D., Alias was an employee, agent, apparent agent, and/or servant of defendant John Doe Corporation, Alias and was acting within the scope of his/her employment or agency.

3.      At all relevant times, defendant John Doe Corporation, Alias was vicariously responsible for the acts and conduct of its employees, agents, apparent agents, and servants, including, but not limited to, the negligent acts or conduct of defendant John/Jane Doe, M.D., Alias, as set forth.

4.      On or about September 4, 2014, Mr. Curley was first diagnosed with amyloidosis by his nephrologist Joseph Romanello, M.D.

5.      Mr. Curley passed away on November 18, 2017 as a result of acute diastolic congestive heart failure and end stage renal disease secondary to amyloidosis.

6.      Mr. Curley's injury was such that in the exercise of reasonable diligence it was not discoverable to him until a date within three years of the commencement of this action. R.I.G.L § 9-1-14.1(2).

7.       As a direct and proximate result of defendant Osteopathic Family Medicine, LLC's negligence as aforesaid, Mr. Curley suffered severe personal injuries and ultimately died.

8.      By reason of the foregoing, plaintiff Catherine M. Curley has been and will continue to be deprived of the services, affection, society, and consortium of her late husband Leo M. Curley, Jr., which damages are remunerable under R.I. Gen. Laws §10-7-1.2(a), and was otherwise damaged.

9.      By reason of the foregoing, Leo M. Curley, Jr.'s estate has incurred expenses for medical and nursing treatment and care, medicines, counseling, and the like, which damages are remunerable under R.I. Gen. Laws §10-7-5.

10.     By reason of the foregoing, the statutory beneficiaries of Leo M. Curley, Jr.'s estate have suffered damages as set forth in R.I. Gen. Laws §10-7-1 et seq., including pecuniary damages as provided under R.I. Gen Laws §10-7-1.1, and were otherwise damaged.

11.     As a direct and proximate result of defendant John Doe Corporation, Alias's negligence as aforesaid, Leo M. Curley, Jr. suffered severe injuries to his mind, body, nerves and nervous system, and endured extreme mental pain and suffering, all of which damages are remunerable on behalf of the estate of Leo M. Curley, Jr., as set forth under R.I. Gen Laws §10-7-7.

12.     By reason of the foregoing, Leo M. Curley, Jr.'s estate incurred funeral and administration expenses, which damages are remunerable on behalf of the estate under R.I. Gen. Laws §10-7-5.

WHEREFORE, plaintiff Catherine M. Curley, Individually and as Personal Representative of the Estate of Leo M. Curley, Jr. demands judgment against defendant John Doe Corporation, Alias in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

Plaintiff,
By her attorneys,

/s/ Amato A. DeLuca
Amato A. DeLuca (#0531)
Miriam Weizenbaum (#5182)
Candace Brown Casey (#7986)
**DeLUCA & WEIZENBAUM, LTD.**
199 North Main Street
Providence, RI  02903
(401) 453-1500
(401) 453-1501 Fax

Dated:  March 20, 2018

**PLAINTIFF DEMANDS A TRIAL BY JURY AND DESIGNATE AMATO A. DeLUCA AS TRIAL COUNSEL**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CATHERINE M. CURLEY, Individually and as | : | |
| Personal Representative of the | : | |
| Estate of Leo Mr. Curley, Jr. | : | |
| | : | |
| v. | : | C.A. No.:  1:16-cv-00676-M-PAS |
| | : | |
| RICHARD T. ZUERNER, M.D., | : | |
| UROLOGY ASSOCIATES, INC., | : | |
| AARON W. WAY, D.O., | : | |
| OSTEOPATHIC FAMILY MEDICINE, LLC, | : | |
| JOHN/JANE DOE, M.D., Alias, and | : | |
| JOHN DOE CORPORATION, Alias | : | |

## **CERTIFICATION**

I hereby certify that this document was filed through the ECF system and will be sent electronically to the registered participants identified on the Notice of Electronic Filing (NEF) and that paper copies have been sent to those indicated as non-registered participants on this 20th day of March 2018.

/s/ Amato A. DeLuca